UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
CHARLES LUDLAM, et al.,            )
                                   )
            Plaintiff,             )
                                   )  Case No. 11-1570 (EGS)
       v.                          )
                                   )
UNITED STATES PEACE CORPS,         )
                                   )
            Defendant.             )
_____)

## MEMORANDUM OPINION

Plaintiff, Charles Ludlam, brought this Freedom of Information Act ("FOIA") case against defendant, the United States Peace Corps (the "Peace Corps"), seeking production of the results of the Peace Corps' annual survey of its Volunteers. On March 29, 2013, the Court issued a Memorandum Opinion ruling that defendant was justified in withholding survey results to certain questions on a program-by-program basis, but not on a country-by-country basis, pursuant to FOIA Exemption 6, which exempts from disclosure documents involving matters of personal privacy.[1] On July 15, 2013, plaintiff filed the instant Motion for Reconsideration of that Opinion pursuant to Federal Rule of Civil Procedure 54(b). Upon consideration of the motion, the

---

[1] The factual background of this case has been set forth in this Court's prior Memorandum Opinion and will not be restated here unless relevant to the pending motion. Mem. Op. [Dkt. #18].

response and reply thereto, the applicable law, the entire record, and for the reasons set forth below, plaintiff's motion will be **DENIED**.[2]

## I. STANDARD OF REVIEW

The standard for determining whether or not to grant a motion for reconsideration brought under Rule 54(b) is the "as justice requires" standard. *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The considerations that a court may take into account under this standard include "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *In Def. of Animals v. Nat'l Inst. Of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted). The party moving to reconsider has the burden of demonstrating "that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Id.* at 76 (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). "[E]ven if justice does not require reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion."

---

[2] Plaintiff also requested an oral hearing on his motion for reconsideration. After reviewing the parties' pleadings as well as the entire record of this case, the Court is satisfied that an oral hearing is not necessary to resolve the pending motion. Accordingly, plaintiff's request for oral hearing is denied.

*Id.* (internal quotation marks omitted).  However, this discretion is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  *Id.* (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)) (internal quotation marks omitted).

**II. ANALYSIS**

This Court previously ruled that defendant was justified in withholding the program-by-program breakdown of responses to survey questions relating to staff performance ratings under FOIA Exemption 6.  In the pending motion, plaintiff asks the Court to reconsider this ruling.

First, plaintiff argues that by exempting program-by-program results from disclosure, but not country-by-country results, the Court made a decision outside the adversarial issues presented by the parties.  Pl.'s Mot. for Recons. ("Pl.'s Mot.") [Dkt. #21], at 3-4.  According to plaintiff, defendant had the burden to demonstrate justifications for withholding any portion of the requested data.  Because defendant did not present any evidence indicating that program-by-program results should be treated differently than country-by-country results, plaintiff claims that the Court erred by creating the distinction and only ordering the latter to be produced.

Plaintiff alleges that this amounted to a decision outside the adversarial issues of the case.  Contrary to plaintiff's argument, however, the issue of whether defendant is justified in withholding program-by-program results under Exemption 6 has been a central part of this case, as can be evidenced throughout the Court's prior Memorandum Opinion.

FOIA Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. 552(b)(6).  The agency typically bears the burden to persuade the Court that the exemption applies.  *Ripskis v. HUD*, 746 F.2d 1, 3 (D.C. Cir. 1984).  However, this burden shifts to the FOIA requester in cases where an individual's privacy interest is implicated.  *Am. Civil Liberties Union v. DOJ*, 698 F. Supp. 2d 163, 165 (D.D.C. 2010) (citations omitted).

As set forth in the Memorandum Opinion, the Court found that defendant met its burden for invoking Exemption 6 by demonstrating that an individual's privacy interest was implicated in *both* country-by-country and program-by-program survey results.[3]  Thus, the burden shifted to plaintiff to show that there is a significant public interest in the disclosure of

---

[3] In particular, the Court considered defendant's explanation that the Peace Corps staff positions are typically filled by one person or a few at most at the country or program level.  The Court also recognized the substantial privacy interest that employees have in their employment ratings data.

*both* types of requested data. For country-by-country results, the Court credited the arguments and support presented by plaintiff and found that the public interest in information about the performance of the Peace Corps staff outweighs the privacy interests that are implicated. However, the Court concluded that plaintiff failed to demonstrate a substantial public interest in program-by-program results to warrant disclosure. If breakdown of survey results at the country-by-country level presents a substantial likelihood that concrete facts about a particular individual could be inferred, as the Court previously found, it follows that the breakdown at the program-by-program level within a particular country presents even more risk of invading personal privacy.[4] Thus, to overcome the balancing test, plaintiff would have needed to present more support for his claim that there is public interest in the requested data, which plaintiff failed to do. Because plaintiff is merely repeating the same argument in the pending motion, which this Court has already addressed and rejected, the Court

---

[4] Within each Peace Corps home country, there are a number of programs or "projects," such as education, health, and agriculture, that a Volunteer may be assigned to. Def.'s Mot. to Dismiss or for Summ. J. [Dkt. #9-2], Att. B, Miller Decl. ¶ 16. Plaintiff also acknowledges that the term "program" refers to the various job assignments within a particular country that the Peace Corps serves. Pl.'s Mot. [Dkt. #21-1], Att. C, Ludlam Decl. ¶¶ 1-2 (stating that the Peace Corps had five programs in Senegal at the time of his services as a Volunteer in that country).

declines to exercise its discretion to grant plaintiff's motion for reconsideration based on this argument.

Second, plaintiff claims that the Court erroneously relied on the Kate Puzey Peace Corps Volunteer Protection Act ("Volunteer Protection Act") to justify the withholding of program-by-program results. Pl.'s Mot. [Dkt. #21], at 5. Additionally, plaintiff argues that the Volunteer Protection Act and FOIA serve different purposes and need not be construed in tandem to justify withholding of program-specific results. Pl.'s Mot. [Dkt. #21], at 6.

Plaintiff misinterprets the Court's analysis in this argument. Contrary to plaintiff's claims, the Court did not rely on the Volunteer Protection Act or declare that the Volunteer Protection Act and FOIA must be construed in tandem in making the determination of proper withholding under Exemption 6. The Court only considered the Volunteer Protection Act in response to plaintiff's reference to the Act to support his claim that there is congressional and public interest in information regarding the Peace Corps staff performance, at a country-by-country level, in protecting the safety of Volunteers serving in different host countries. Plaintiff did not refer to the Act or provide any additional support for his claim that there is public interest in program-by-program survey results. Accordingly, the Court noted the lack of support and concluded

6

that the implication of privacy interests, as demonstrated by defendant, justified the withholding of program-by-program results under Exemption 6.

Moreover, in this argument, plaintiff does not claim that the Court misunderstood the parties, made a decision beyond the issues presented, failed to consider controlling decisions, or that there was a significant change in the law or the facts.[5] Nor does plaintiff demonstrate that actual harm would accompany a denial of his motion for reconsideration.  Because plaintiff fails to meet the standard required for reconsideration of interlocutory rulings, the Court declines to exercise its discretion to grant plaintiff's motion.

**III. CONCLUSION**

For the foregoing reasons, it is hereby ordered that plaintiff's motion for reconsideration is **DENIED**.  Both Plaintiff and the Peace Corps have represented to the Court that

---

[5] Plaintiff's motion for reconsideration also includes declarations of his opinion based on his experience as a Peace Corps Volunteer, which he uses to support his claim that he has demonstrated sufficient public interest in the release of program-by-program results.  See Pl.'s Mot. [Dkt. #21], at 8. Motions for reconsideration, however, cannot be used as "an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Davis v. Joseph J. Magnolia, Inc., 893 F. Supp. 2d 165, 168 (D.D.C. 2012) (quoting SEC v. Bilzerian, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)). Because these declarations merely amount to supplemental, rather than newly-discovered facts, the Court declines to consider them on this motion.

7

the Peace Corps has produced to Plaintiff the remaining documents which were the subject of this litigation, and which the Court instructed the Peace Corps to produce in the Court's March 29, 2013 Opinion. *See* Pl.'s Mot. at 2; Def.'s Opp'n to Mot. for Reconsideration at 4. Accordingly, as all substantive issues have been resolved in this matter, the Clerk of the Court is directed to close this case. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **September 19, 2013**